# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| STAR CREEK CENTER, LLC | § § | |
| v. | § § | Civil Action No. 4:17-CV-00607 |
| | § | Judge Mazzant |
| SENECA INSURANCE COMPANY, INC. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Star Creek Center, LLC's Expedited Motion to Compel (Dkt. #17). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted.

### BACKGROUND

The above-referenced case arises out of a dispute between a policyholder and its insurer regarding the extent of damages and amount of loss suffered to Plaintiff Star Creek Center, LLC's two properties located at 969 Sam Rayburn Tollway, Allen, Texas 75013 and 977 Sam Rayburn Tollway, Allen, Texas 75013 (the "Properties"). Defendant Seneca Insurance Company, Inc. ("Seneca") issued a commercial insurance policy to Plaintiff effective August 26, 2015, through August 26, 2016 (the "Policy"). On or about April 11, 2016, the Properties suffered damage due to storm-related conditions. Plaintiff subsequently made a claim to Seneca for damage resulting from the storm.

On March 21, 2017, Seneca issued correspondence stating it was paying the undisputed hail damage to the HVAC units of the Properties but was denying the claim for hail damage to the roofs stating there was no covered hail damage to the roofs of the Properties under the terms of the Policy. On August 29, 2017, Plaintiff brought suit against Seneca contending that Seneca failed to adequately compensate it for damages to the Property, and seeking to recover damages based

on breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA") and Tie-In Statutes, violations of the Texas Insurance Code, breach of the common law duty of good faith and fair dealing, and unfair insurance practices (Dkt. #1). On March 26, 2018, Plaintiff filed its motion to compel (Dkt. #17). On March 30, 2018, Seneca filed a response (Dkt. #20). On April 3, 2018, Plaintiff filed a reply (Dkt. #21).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). It is well-established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state

2

that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." *Id.* 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." *Id.*

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a nonfrivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

**ANALYSIS**

**A.    Objections**

Objections to discovery must be timely and "must be stated with specificity," or they are "waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4); *see also*

*Enron Corp. Sav. Plan v. Hewitt Assocs. L.L.C.*, 258 F.R.D. 149, 153, n.1 (S.D. Tex. 2009) (Rule 33 requirements of timeliness and specificity apply to both interrogatory and document request objections, equally). Plaintiff's Requests for Production were served on Seneca on November 6, 2017. Seneca served its responses and objections to Plaintiff on January 17, 2018. It is a "general rule" that untimely objections are waived, absent good cause for the delay. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *Ordoyne v. McDermott, Inc.*, No. CIV.A. 99-3456, 2000 WL 1154616, at *1 (E.D. La. Aug. 14, 2000) (finding objections waived because they were twenty-two days late). In determining whether good cause exists for an untimely objection, courts consider the circumstances of the delay to determine "whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance . . . ." *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, No. CIV.A. H-07-2426, 2008 WL 2036816, at *5 (S.D. Tex. May 9, 2008). In its response, Seneca fails to offer any good cause for its delay. Thus, Seneca's objections are waived as untimely.

The Court further finds Seneca waived each of its objections by including "subject to" in the response. The practice of including "subject to" or "without waiving" statements after objections is an age-old habit comparable to belts and suspenders. This practice is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure." *Keycorp v. Holland*, No. 3:16-cv-1948-D, 2016 WL 6277813, at *11 (N.D. Tex. Oct. 26, 2016) (quoting *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 470 (N.D. Tex. 2015)). Such an objection and answer "leaves the requesting [p]arty uncertain as to whether the question has actually been fully answered," *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008), and

"wondering as to the scope of the documents or information that will be provided as responsive." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014).

A response that states "subject to this objection and to the general objections" is not specific enough as to either (1) the completeness of the answer or (2) the availability of documents for inspection. The Court finds that Seneca's inclusion of "subject to this objection and to the general objections" is not supported by the federal rules and goes against the purposes of a just, speedy, and inexpensive resolution. *See Carr*, 312 F.R.D. at 470.

By answering questions "subject to" Seneca failed to specify the scope of its answer in relation to the request. This makes it impossible for Plaintiff or the Court to assess the sufficiency of the response. Therefore, Seneca has waived each objection by including "subject to" language in its responses. *See id*.

Furthermore, Seneca waived several objections by making boilerplate overbroad, unduly burdensome, and relevance objections. It is well-established that parties cannot make general or boilerplate objections to discovery requests. *Heller*, 303 F.R.D. at 483 (N.D. Tex. 2014). Rule 34 requires that a response to a Request for Production "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). The party resisting discovery "must show specifically . . . how each [request] is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir. 1982)). A party may not "refuse discovery simply by making a boilerplate objection that it is not proportional." FED. R. CIV. P. 26(b)(1), advisory committee note (2015). Because of "[i]n the face of [general] objections, it is impossible to know whether information has been withheld and, if so, why." *Heller*, 303 F.R.D.

5

at 483 (quoting *Weems v. Hodnett*, No. 10-cv-1452, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011)). Nearly all of Seneca's responses begin with these two objections:

> Defendant objects to this Request, as it is overly broad and vague.
>
> Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case.

(Dkt. # 17, Exhibit C Nos. 5, 9, 10, 15; Dkt. # 17, Exhibit C, Nos. 16–21, 23–24, 31–32, 34, 36, 39–44).

"Boilerplate" means "standardized text" or "ready-made or all-purpose language." *Boilerplate*, Merriam-Webster Collegiate Dictionary (11th ed. 2007); *Boilerplate*, Black's Law Dictionary (10th ed. 2014). Seneca used the above objections on all nine (9) of his Request for Production responses. (Dkt. #25, Exhibit B). This is the epitome of "standardized text." Simply put, the above overbroad, unduly burdensome, and relevance objections do not "state with specificity the grounds for objecting to the request." FED. R. CIV. P. 34(b)(2)(B).

Seneca's additional reason after the objection, address separate concerns such as privilege. However, those objections stand or fall on their own. Therefore, Seneca's failure to specify specific grounds in the above objections results in waiver of those objections. FED. R. CIV. P. 34(b)(2)(B); *Keycorp*, 2016 WL 6277813, at *11.

Even if Seneca did not waive these objections, Seneca's objections are overruled. Seneca has not met its burden to explain the specific and particular way that each request is overbroad, unduly burdensome, and/or irrelevant after exercising reason and common sense to attribute ordinary definitions to terms and phrases used in the request. *Id.* at 491. Further, based on the Court's review, these requests are not so overbroad and/or unduly burdensome as to be incapable of reasonable interpretation and to prohibit Seneca's responses. Thus, these objections are

6

overruled. The Court will now address the additional reasons that accompany some of Seneca's responses.

**B. Document Production**

For the Court to order production, Plaintiff must show that Seneca failed to produce documents or to permit the appropriate inspection. FED. R. CIV. P. 37(a)(3)(B). An evasive or incomplete response suffices to show a failure to respond. FED. R. CIV. P. 37(a)(4). When some documents have been produced in response to a request, courts have interpreted "evasive or incomplete" to place a modest burden on the requesting party to support, with existing documents, a reasonable deduction that other documents may exist or did exist but have been destroyed. *See Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 313 (S.D.N.Y. 2003); *see also Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008).

The Court has already determined that Seneca's overbroad and unduly burdensome objections were waived as boilerplate objections and Seneca's harassment objections were overruled. However, a party will still not be compelled to produce documents if the request is overbroad or unduly burdensome on its face. *E.g.*, *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 537–38 (D. Kan. 2003). The federal rules follow a proportionality standard for discovery. *See* FED. R. CIV. P. 26(b)(1). Under Rule 26, a request must be proportional to the needs of the case when considering, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

Plaintiff requests the production of (1) the personnel file for anyone Seneca (or an adjusting firm retained by Seneca) assigned to participate in evaluating damage to Plaintiff's Properties, (2) any Claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to

7

Seneca's claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on Seneca's behalf (including any independent adjusting companies), (3) all documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation, (4) Seneca's complete Underwriting File for Plaintiff's policy of insurance with Seneca, (5) entire claim file including all claim log notes, files, correspondence from the inception of the claim until its conclusion, (6) building assessment report of the building consultant retained by Seneca during the claim. The Court finds Plaintiff's request are proportional and, to the extent that Seneca is withholding any documents or information based on an overbroad, unduly burdensome, and/or irrelevant objection, those objections are overruled, and any responsive documents should be produced to Plaintiff's counsel by 5:00 p.m. on April 30, 2018.[1]

Seneca must also certify to the Court that it has produced all documents in its possession to comply with Plaintiff's discovery request. A privilege log must be produced for any documents, communications, or other materials withheld from production on privilege grounds. *See* FED. R. CIV. P. 26(b)(5). It is unclear to the Court whether Seneca produced such a log. To the extent that Seneca has not done so, the Court orders Seneca to produce a privilege log for each assertion of privilege by 5:00 p.m. on April 30, 2018.

C. **Deposition of Corporate Representative**

On March 9, 2018, Plaintiff noticed the deposition of Seneca's corporate representative to appear on March 27, 2018, at the office of Seneca's counsel, and provide a list of topic areas as required

---

[1] *See MM United Enter., Inc. v. AGCS Marine Ins. Co.*, No. 3:12-CV-3744-L, 2013 WL 12126235, at *2 (N.D. Tex. June 18, 2013) (finding "Defendant's claims manuals, instruction materials, policy development files, and personnel files, as well as information and materials pertaining to other civil lawsuits and claims related to other insurance policies issued by Defendant", relevant); *Trinity E. Energy, LLC v. St. Paul Surplus Lines Ins. Co.*, No. 4:11-CV-814-Y, 2013 WL 12124022, at *3 (N.D. Tex. Mar. 8, 2013) (finding loss reserves information relevant "because it could tend to show that [Insurer] knew or should have known that its liability was reasonably clear, yet still denied Plaintiffs' claim based on unreasonable reliance upon its expert's report.").

under Federal Rule of Civil Procedure 30(b)(6). *See* FED. R. CIV. P. 30(b)(6). Since then, Seneca did not object to the topics or move for protection or follow any of the Federal Rules of Civil Procedure to avoid the notice deposition. However, on March 30, 2018, after the current motion to compel was filed, Seneca's counsel proposed the deposition could be taken between May 1, 2018, and May 14, 2018. Seneca must produce its corporate representative for deposition for a day during Seneca's proposed date range. However, Seneca has waived any objection to Plaintiff's proposed topics.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Compel Document Production (Dkt. #17) is hereby **GRANTED**. Seneca shall produce all items in accordance with this order by 5:00 p.m. on April 30, 2018.

**SIGNED this 23rd day of April, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE